## THOMAS DONAHOE *vs.* ZACHEUS SHED.

The justice of a police court made a certificate on a complaint, that it was sworn to before him on the 2d of May 1843, and issued a warrant, which was on the same paper, dated April 2d 1843, commanding an officer to arrest the party "mentioned in the above complaint:" The officer arrested the party, and was afterwards sued by him, in an action of trespass, for the arrest. *Held,* that as it appeared on the face of the warrant that it issued after the complaint was made, and as it was a warrant in due legal form, it furnished a justification of the arrest.

An action of trespass will not lie against an officer for serving a warrant issued in legal form, by a court having jurisdiction, and directing him to arrest a party, even though the proceedings of the court in issuing the warrant may have been erroneous.

TRESPASS against a constable, for arresting the plaintiff, and carrying him before the police court in Lowell, on the 3d of May 1843. At the trial in the court of common pleas, before *Washburn,* J. the defendant admitted the arrest and detention of the plaintiff, and offered in evidence, in justification, the following warrant : " (L. S.) Lowell, ss. To the sheriff of the

county of Middlesex, or his deputy, or to all or any of the con-
stables of Lowell in said county, Greeting. In the name of
the Commonwealth of Massachusetts, you are required forthwith
to apprehend Thomas Donahoe, mentioned in the above com-
plaint, (if in your precinct,) and to bring him before the police
court in said Lowell, to answer to the same, and to be further
dealt with thereon as to law and justice shall appertain. You
are also required to summon the complainant to appear and give
evidence touching the matter contained in the above complaint,
when and where you have the said defendant. Given under my
hand and the seal of the court, at Lowell aforesaid, the second
day of *April,* in year of our Lord one thousand eight hundred
and forty three.                J. Locke, Justice."

The complaint, which was on the same paper with the war-
rant, was made to said justice by Aaron Scadding, and signed
by him, alleging that said Donahoe, at said Lowell, on the 30th
of April 1843, made an assault on said Scadding, and him did
beat and ill-treat. At the bottom of the complaint were these
words : " Received and sworn to, the second day of *May,* in
the year of our Lord one thousand eight hundred and forty
three.                J. Locke, Justice."

The plaintiff objected to the validity of this warrant, for vari-
ous reasons, apparent on the face thereof. The court overruled
the objections, and ruled that the warrant was a sufficient justi-
fication of the alleged acts of the defendant. The jury returned
a verdict for the defendant, and the plaintiff alleged exceptions
to the said ruling.

*B. F. Butler,* for the plaintiff, cited Rev. Sts. *c.* 135, § 2.
*Sayles .v. Briggs,* and *Kendall* v. *Powers,* 4 Met. 421, 555.
*The State* v. *J. H.* 1 Tyler, 444. *Sanford* v. *Nichols,* 13 Mass.
289. *Reynolds* v. *Corp,* 3 Caines, 269. *Grumon* v. *Raymond,*
1 Connect. 40. *Ex parte Burford,* 3. Cranch, 448.

*Knowles,* for the defendant, cited *Nichols* v. *Thomas,* 4 Mass.
234. *Henderson* v. *Brown,* 1 Caines, 92. *Poulk* v. *Slocum,*
3 Blackf. 421. Hammond's Nisi Prius, 49.

SHAW, C. J. The plaintiff insists that the warrant was not
issued upon a complaint made on oath, because the warrant was

dated April 2d, and the certificate of the oath was dated May 2d. But as the complaint alleged that the offence, which was charged upon the plaintiff, was committed on the 30th of April, and as the warrant refers to the complaint, there seems to be internal and plenary evidence that the complaint preceded the warrant, and that the date of the warrant was a mere clerical error. Such error does not render the subsequent proceedings void. *Commonwealth* v. *Murray,* 2 Virg. Cas. 504. On this view of the case, the exceptions must be overruled.

But an action of trespass could not be maintained against the defendant, even if the foregoing view of the case could not be supported. The police court in Lowell had jurisdiction of the offence charged in the complaint against the plaintiff, and the *warrant* was in due legal form, and was directed to the defendant. It was not for him to inquire into the regularity of the proceedings of the court that issued the warrant; and he cannot be considered as a trespasser for acting under it. *Wilmarth* v. *Burt,* 7 Met. 257, and cases there referred to.

*Exceptions overruled.*